for use with this wooden base. The glass dome, in height and in diameter, is in perfect proportion to be a covering for the statuette. It had no other known commercial use than as a case to complete this article. Any one of the components without both of the others would be commercially useless. All of the parts are essential to the commercial entity, i. e., a statuette of the "Infant of Prague."

Counsel for defendant, in their brief, have referred to several cases which involved the question of entireties and wherein the different parts of the imported merchandise were held to be separately classifiable. We have examined and carefully considered all of those cases and find them to be distinguishable from the present issue.

On the basis of the present record, and following the *Altman & Co.* case, *supra*, we find these statuettes of the "Infant of Prague" to be classifiable as entireties. Since it is agreed that the articles are in chief value of metal, not plated with gold or silver and not being otherwise specially provided for, we hold the present merchandise to be dutiable at the rate of 22½ per centum ad valorem under paragraph 397, as modified, *supra*, as metal articles, not specially provided for, and not plated with platinum, gold, or silver, or colored with gold lacquer, as claimed.

The protest is sustained and judgment will be rendered accordingly.

**No. 57136.**—G. H. & I. Jaffe, Inc. *v.* United States, protests 569307–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57137.**—Prime Fur Corp. *v.* United States, protests 934175–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57138.**—Orleans Bros., Inc. *v.* United States, protests 945354–G, etc. (New York).

Opinion by OLIVER, C. J. · In accordance with stipulation of counsel that the kidskin plates are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57139.**—M. Aronin & Sons et al. v. United States, protests 154703–K, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the kidskin plates (except as to the merchandise described as 14 kid neck plates in case 424, entered under warehouse bond 41518, covered by protest 927926–G) are similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480), the claim for free entry under paragraph 1681 was sustained. In all other respects the protests were overruled.

FORD, J., concurred.

MOLLISON, J., dissented for the resaons set forth in his dissenting opinion in C. D. 1480, *supra*.

**No. 57140.**—Gaillet & Hartig Co., Inc. v. United States, protests 196546–K and 196547–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of cellophane sheets similar in all material respects to those the subject of *Coughlin Mfg. Co.* v. *United States* (27 Cust. Ct. 40, C. D. 1345) and *Gillette Safety Razor Co.* v. *United States* (27 Cust. Ct. 44, C. D. 1346), the claim of the plaintiff was sustained.

**No. 57141.**—Henry Pollak, Inc. v. United States, protest 179493–K (San Francisco).

Opinion by OLIVER, C. J. At the trial, plaintiff introduced the testimony of the customs broker who attempted to show that the articles in question are parts of table lighters not within any of the classes of merchandise contemplated by paragraph 1527 (c), *supra*. It was held that his testimony was insufficient to support a finding of fact favorable to plaintiff's claim. The record containing nothing to disturb the classification adopted by the collector, which was presumptively correct, the protest was overruled.